Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amanda Bare, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| Henry Mayo Newhall Memorial Hospital, | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff Amanda Bare ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Henry Mayo Newhall Memorial Hospital ("Newhall") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to its hospital located at or about 23845 McBean Parkway, Valencia, CA 91355 ("Hospital").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.
2. Newhall is a California Corporation with its principal place of business in

Valencia, California. At all times relevant to this complaint, Newhall owned, managed, operated, and/or otherwise was responsible for the Hospital.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Hospital is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled. Plaintiff suffers from, among other things, diabetes and several mental disorders that directly affect Plaintiff's daily life and well-being.

7. Plaintiff utilizes a trained service animal to help address her disabilities.

8. Plaintiff's service animal is specifically trained to alert Plaintiff to high and low blood sugar levels; detect signs of her anxiety and post-traumatic stress; provide deep pressure therapy; and to help calm and ground Plaintiff when she is experiencing episodes.

9. Plaintiff visited the Hospital located at or about 23845 McBean Parkway in Valencia, California on February 19, 2023.

10. Plaintiff was there with her service animal and a friend who was seeking medical treatment at the Hospital. Plaintiff was there to provide transportation for her friend.

11. Upon entering the emergency department, a Hospital employee approached Plaintiff and told Plaintiff that she was not allowed to bring her service animal into the hospital.

12. Plaintiff told the employee that the dog was a trained service animal. The Hospital employee, who Plaintiff believes was a charge nurse, was extremely rude and aggressive in her interactions with Plaintiff to the point where the employee was screaming at Plaintiff at times.

13. In fact, the Hospital employee specifically threatened Plaintiff with trespass and arrest if she did not leave the hospital with her service animal.

14. The Hospital employee asked Plaintiff to provide documentation regarding her service animal. Plaintiff refused the request because it was not proper or allowed under applicable laws and regulations.

15. The Hospital employee would not relent. In fact, the Hospital employee told Plaintiff that, because the Hospital provided medical care, she did not in fact need a service animal to alert her to her blood sugar levels while at the Hospital. Of course, Plaintiff was not admitted as a patient at the hospital nor was she under their care or supervision at any time. Plaintiff was just there lending a helping hand to a friend in need.

16. Plaintiff ultimately relented and waited outside in the cold for her friend to complete her treatment at the hospital.

17. At all times, Plaintiff's service animal had a leash identifying it as a service animal.

18. Plaintiff later found out that the Hospital employee was actually quizzing her friend (who was there to receive medical treatment) about Plaintiff's disability and service animal.

19. Plaintiff would like to return to be able to return to the Hospital without being wrongfully discriminated against.

20. Plaintiff lives close to the Hospital. In fact, it is the closest hospital to where Plaintiff lives, less than half a mile away. Plaintiff is scared that if she or someone close to her experienced an emergency or was in need of treatment, she may be denied entrance to the Hospital because of her disability and thereby potentially denied

healthcare to her or the person close to her.

# FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

21. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

22. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

23. The Hospital is a public accommodation.

24. The Hospital is a hospital.

25. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

26. Newhall has a policy that restricts and denies access to persons like Plaintiff.

27. Newhall's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

28. As a result of Newhall's conduct, denying Plaintiff equal access to the Hospital, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Hospital.

29. It is readily achievable for Newhall to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Hospital.

30. Newhall does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

31. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations

adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the Hospital, in light of Newhall's conduct.

32. Newhall's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

33. Plaintiff seeks injunctive relief as to Newhall's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

34. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

35. Newhall intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Hospital.

36. Hospital is a business establishment.

37. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

38. Newhall's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

39. Plaintiff was harmed.

40. Newhall's conduct was a substantial factor in causing Plaintiff's harm.

41. Newhall's conduct violated the ADA.

42. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

43. Plaintiff also seeks to enjoin Newhall from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Newhall from engaging in unlawful discrimination against disabled persons with service animals when visiting the Hospital, including, specifically, enjoining its policy of denying access to persons with service animals access to the Hospital without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: March 20, 2023                      Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff